

# NUMBER 13-23-00088-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**CARLOS EUSEBIO GOMEZ,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

## ON APPEAL FROM 206TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Chief Justice Contreras**

A jury convicted appellant Carlos Eusebio Gomez of one count of continuous sexual abuse of a young child, a first-degree felony; two counts of aggravated sexual assault, a first-degree felony; and two counts of indecency with a child, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.02, 21.021, 21.11. Gomez argues that the trial court violated § 21.02(e) of the Texas Penal Code and his right against double jeopardy

when it allowed the State to submit indecency with a child by contact and aggravated sexual assault as independent counts to the jury. We affirm in part and vacate in part.

## I.    BACKGROUND

Gomez was charged by indictment for five sex offenses: continuous sexual abuse of a young child (Count 1), indecency with a child by contact (Counts 2 and 5), and aggravated sexual assault of a child (Counts 3 and 4). Each charge was an individual offense against the same child victim. At the charge conference, Gomez's trial counsel objected to Counts 2 through 5 of the State's jury charge, arguing they constituted double jeopardy violations. She further argued that the State was required under § 21.02(e) to either charge the counts in the alternative or submit them as lesser included offenses to Count 1. *See id.* § 21.02(e). The trial court overruled the objection and allowed the State to submit all five counts as independent offenses to the jury.

The indictment charged Count 1 as having occurred between September 1, 2013, through May 15, 2018; Count 2 on or about August 1, 2016; Count 3 on or about August 1, 2013; Count 4 on or about March 1, 2014; and Count 5 on or about May 1, 2015. Pertinent here, the indecency counts alleged that Gomez engaged in sexual contact with the complainant "by touching the breast of [the complainant]" (Count 2) and "by causing the complainant to touch [his] genitals" (Count 5).

The jury found Gomez guilty of all counts and assessed punishment as follows: fifty years on Count 1; five years on Count 2; thirty-five years on Count 3; thirty-five years on Count 4; and ten years on Count 5. The trial court sentenced Gomez in accordance with the jury's verdicts and ordered all five sentences to run concurrently. This appeal followed.

2

## II.    Discussion

Gomez argues "that the predicate offenses of indecency by contact and aggravated sexual assault should not have been submitted to the jury as separate, distinct offenses, since they were all subsumed within the continuous sexual [abuse] allegation." As such, the trial court "failed to comply with [§] 21.02(e) of the Texas Penal Code" and violated Gomez's double jeopardy rights.[1] *See* U.S. Const. amend. V, XIV; Tex. Penal Code Ann. § 21.02(e).

### A.    Standard of Review & Applicable Law

"The Fifth Amendment guarantee against double jeopardy protects 'against multiple punishments for the same offense.'" *Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014) (quoting *Whalen v. United States*, 445 U.S. 684, 688 (1980)); *see* U.S. Const. amend. V, XIV. A claim that a defendant was subjected to multiple punishments arises if a defendant "is punished for: (1) the same primary offense twice, 'once for the basic conduct, and a second time for that same conduct plus more,' or (2) the same criminal act twice under two distinct statutes 'when the legislature intended the conduct to be punished only once.'" *Id.* (quoting *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006)).

A person over the age of seventeen commits the offense of continuous sexual abuse of a young child if, "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse" against a child younger than fourteen years of age. Tex. Penal Code Ann. § 21.02(b). Courts have interpreted this durational language to mean that there must be at least twenty-eight days between the first and last

---

[1] The State did not file a brief in this appeal.

3

act of sexual abuse. *See, e.g., Smith v. State*, 340 S.W.3d 41, 50–51 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Perez v. State*, No. 13-22-00292-CR, 2024 WL 715326, at *9 (Tex. App.—Corpus Christi–Edinburg Feb. 22, 2024, no pet.) (mem. op., not designated for publication) (Contreras, C.J., concurring). For purposes of this offense, the term "acts of sexual abuse" includes "aggravated sexual assault under [§] 22.021" and "indecency with a child under [§] 21.11(a)(1), if the actor committed the offense in a manner other than by touching . . . the breast of a child." TEX. PENAL CODE ANN. § 21.02(c)(2), (4).

Under § 21.02(e), when continuous sexual abuse of a young child is alleged, a defendant may not be convicted in "the same criminal action" of an individual "act of sexual abuse" against the same child victim, unless the latter offense: (1) is charged in the alternative; (2) occurred outside the period in which the continuous child sexual abuse offense was committed; or (3) is considered by the trier of fact to be a lesser included offense of continuous child sexual abuse. *Id.* § 21.02(e); *Price*, 434 S.W.3d at 606 (finding the language of § 21.02(e) "reflects that the Legislature clearly intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' when based on conduct against the same child during the same period of time").

## B.    Analysis

We turn to Gomez's convictions for Counts 2 through 5. Here, the conviction on Count 2 is not barred by § 21.02(e) or double jeopardy because it alleged indecency with a child "by touching the breast of [the complainant]," which is not an "act of sexual abuse" as defined in § 21.02(c). *See* TEX. PENAL CODE ANN. § 21.02(c)(2), (e); *Carbajal v. State*,

4

659 S.W.3d 164, 185 (Tex. App.—El Paso 2022, pet. ref'd); *see also Killinger v. State*, No. 13-17-00016-CR, 2020 WL 728305, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 13, 2020, pet. ref'd) (mem. op., not designated for publication) (finding that "indecency with a child under [§] 21.11(a)(1)" is not an act of sexual abuse under the continuous-sexual-abuse statute if the actor committed the offense by touching the breast of a child).

Count 3 is also not barred because it alleged that Gomez committed aggravated sexual assault on or about "the 1st day of August, 2013," which is outside the time period of Count 1. *See* TEX. PENAL CODE ANN. § 21.02(e); *Price*, 434 S.W.3d at 606; *Soliz v. State*, 353 S.W.3d 850, 853 (Tex. Crim. App. 2011).

As to Counts 4 and 5, we agree with Gomez that they were subsumed within the continuous sexual abuse allegation. Counts 4 and 5 alleged aggravated sexual assault and indecency with a child by contact, respectively, against the same child complainant as the continuous sexual abuse offense. And, Counts 4 and 5 were charged in the same criminal action as the continuous sexual abuse offense, yet they were not "charged in the alternative," they did not occur "outside the period in which the continuous child sexual abuse offense was committed," and they were not "considered by the trier of fact to be . . . lesser included offense[s]." *See* TEX. PENAL CODE ANN. § 21.02(e). Accordingly, Gomez's convictions on Counts 4 and 5 violated § 21.02(e) and his double jeopardy rights. *See* U.S. CONST. amend. V, XIV; TEX. PENAL CODE ANN. § 21.02(e); *Allen v. State*, 620 S.W.3d 915, 922 (Tex. Crim. App. 2021); *Soliz*, 353 S.W.3d at 853.

Generally, when a defendant is convicted in a single criminal trial of two offenses that are considered the same for double jeopardy purposes, the remedy is to retain the conviction for the "most serious offense" and vacate the other conviction. *Bien v. State*,

550 S.W.3d 180, 188 (Tex. Crim. App. 2018); *Cisneros v. State*, 622 S.W.3d 511, 519 (Tex. App.—Corpus Christi–Edinburg 2021, no pet.). The "most serious offense" is the one for which the "greatest sentence was assessed." *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). In this case, the greatest punishment assessed was for Count 1, the continuous sexual abuse conviction. Accordingly, we vacate the judgments of conviction for Counts 4 and 5.

### III.    CONCLUSION

We vacate the judgments of conviction for Counts 4 and 5. We affirm the judgments in all other respects.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
5th day of July, 2024.

6